UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:16-cv-00749-SVW-KK | Date | June 27, 2016 |
|---|---|---|---|
| Title | *Esbeide Aburto v. Chartwell Staffing Services, Inc. et al* | | |

JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO REMAND [12]

### I. Background

On March 21, 2016, plaintiff Esbeide Aburto ("Aburto" or "Plaintiff") filed a class action complaint in state court against Chartwell Staffing Services, Inc. and Sully Green, Inc. ("Defendants"). Dkt. 1-1 ("Compl."). The complaint alleged claims for: (1) failure to furnish accurate wage statements under California Labor Code § 226, and (2) violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL"). *Id.*

Defendants removed the case to this Court, pursuant to 28 U.S.C. § 1446(b), on April 20, 2016. Dkt. 1. In their notice of removal ("NOR"), Defendants assert that there is federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). *Id.* at 3. Defendants take the position that the complaint does not seek significant relief against Sully Green because it only employs a small percentage of potential class members. *Id.* at 6.

In her complaint, Plaintiff alleges that she was employed by Chartwell, a staffing employment agency, as an hourly, non-exempt employee. Compl. ¶ 2. Chartwell is a New York corporation with corporate offices located in Pennsylvania. *Id.* ¶ 13. Plaintiff alleges that Sully Green was her joint employer. *Id.* ¶ 3. Sully Green is a California corporation, headquartered in California. *Id.* ¶ 14. She was an employee from approximately March 2015 to July 2015. *Id.* ¶ 12. Plaintiff identifies a number of purported deficiencies with Defendants' wage statement practices that she contends violation California law. *See id.* ¶¶ 4–5, 23. She alleges that Defendants "uniformly administered" a policy of failing to

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00749-SVW-KK | Date | June 27, 2016 |
| Title | *Esbeide Aburto v. Chartwell Staffing Services, Inc. et al* | | |

provide accurate wage statements. *Id.* ¶ 22. And she seeks to represent "all of Defendants' current and former employees in the State of California who receive or received their wages and wage statements by U.S. Mail or by direct deposit at any time from the date four years prior to the filing of this Complaint through the date of trial in this action." *Id.* ¶ 19.

## II. Legal Standard

### A. *CAFA Jurisdiction*

CAFA gives federal district courts original jurisdiction over class actions involving at least 100 class members, with minimal diversity, and an amount in controversy exceeding $5,000,000. 28 U.S.C. § 1332(d). In its notice of removal, a defendant is required only to offer a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A "defendant's amount-in-controversy allegations should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).

There is no antiremoval presumption in CAFA cases. *Dart*, 135 S. Ct. at 554. But when a plaintiff contests a defendant's amount-in-controversy calculation, the defendant still bears the burden of establishing that removal was proper by a preponderance of the evidence. *Id.* at 553–54; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013).

The Ninth Circuit has defined the broad outlines of the process after a plaintiff contests removal jurisdiction under CAFA. "In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Next, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (internal quotation marks omitted). This procedure prevents a defendant from establishing federal jurisdiction "by mere speculation and conjecture, with unreasonable assumptions," instead requiring the parties to rely on "real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1197–98.

### B. *Local Controversy Exception*

But even where the threshold requirements of CAFA are met, federal courts must remand removed

:
_____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00749-SVW-KK | Date | June 27, 2016 |
| Title | *Esbeide Aburto v. Chartwell Staffing Services, Inc. et al* | | |

CAFA cases when the conditions of the "local controversy" exception are met. *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015). Under the local controversy exception, a district court must decline to exercise jurisdiction where:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant--
> (aa) from whom significant relief is sought by members of the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed[.]

28 U.S.C. § 1332(d)(4)(A)(i). The plaintiff bears the burden of establishing that the local controversy exception applies. *Benko*, 789 F.3d at 1116.

### III. Argument

Plaintiff asserts that Defendants have not established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum and also argues that the local controversy exception applies to the case. Dkt. 12 at 2. Plaintiff takes issue with the amount-in-controversy estimations in Defendants' NOR. *Id.* at 7–9. Plaintiffs also argues that the Court should decline to exercise jurisdiction over the case under the "local controversy" exception. *Id.* at 9. Plaintiff contends that the Court must only consider the complaint (and not extrinsic evidence) when it considers whether the only California defendant's conduct forms a significant basis for the claims asserted. *Id.* at 13. Plaintiff offers that because she has alleged that Sully Green is equally liable and engaged in the same conduct as Chartwell, there is no basis for the Court to find that the conduct of Sully Green is not a significant basis for her claims. *Id.* at 14.

Defendants maintain that the removed complaint provides jurisdiction under CAFA and the local controversy exception does not apply. *See* Dkt. 18. Defendants assert that the amount-in-controversy requirement is satisfied based on its decision to reissue 421,688 wages statements to approximately 55,000 employees for pay periods in 2014–2016. *Id.* at 6. Defendants assume that each employee was issued at least one defective wage statement, and then assumes that each employee had one further wage

:

_____
Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00749-SVW-KK | Date | June 27, 2016 |
| Title | *Esbeide Aburto v. Chartwell Staffing Services, Inc. et al* | | |

statement violation. *Id.* at 7. Based on these "conservative" assumptions, Defendants estimate that the complaint placed $8,250,000 in controversy. *Id.*

Defendants further argue that the local controversy exception does not apply because Plaintiffs do not seek significant relief from Sully Green and Chartwell is the "primary defendant." *Id.* at 8–9. First, Defendants offer that notwithstanding the lack of specificity in the complaint, Chartwell is the company that issues the new-hire notice at issue in the complaint. *Id.* at 9. Because Chartwell is the only company that can be classified as a "temporary services employer" under California law, Chartwell is the only defendant subject to penalties under Plaintiff's new-hire notice claim. *Id.* at 9–10. Defendants also assert that Sully Green did not have access to the information that it would have needed to complete the new-hire form. *Id.* at 11. Second, Defendants contend that only Chartwell actually issues wage statements and Sully Green does not have access to the information contained within the wage statements. *Id.* at 11. Further, Defendants suggest that only 50 out of 55,000 Chartwell employees were actually assigned to work at Sully Green. *Id.* at 12. Defendants argue that even though the Court is prohibited from looking beyond the allegations contained in the complaint when it assesses whether the local controversy exception applies, the Court should find that Sully Green is not a "real" defendant based on the legislative history of CAFA. *Id.* at 12–13.

Plaintiff argues that Defendants have failed to meet their burden of presenting admissible evidence of the amount in controversy or the reasonableness of Defendants' assumptions. Dkt. 25 at 3. Defendants' decision to reissue all of their wage statements is not probative of the actual violation rate. *Id.* And Plaintiff dismisses the evidentiary value of Defendants' declaration in support of their amount-in-controversy exception because the declarant does not have an admissible basis for his estimates. *Id.* Plaintiff argues that the declaration contains inadmissible hearsay, makes unsupported legal conclusions, and is not based on personal knowledge. *See id.* at 4. Plaintiff argues that the certification of mailing of reissued wage statements is not probative of a violation rate. *Id.* And Plaintiff asserts that a 100% violation rate is presumptively inappropriate, especially where multiple providers issued the statements. *Id.*

Plaintiffs also contend that the local controversy exception applies because Defendants apply an inappropriate standard of review. *Id.* at 5–8. Plaintiff asserts that the Court cannot look beyond the allegations contained in the complaint to assess the applicability of the local controversy exception. *Id.* at 5. Plaintiff finds that Defendants engage in a tortured reading of Ninth Circuit precedent to find an exception to the bar on extrinsic evidence that simply does not exist. *Id.* at 6. Further, Plaintiff contends

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00749-SVW-KK | Date | June 27, 2016 |
|---|---|---|---|
| Title | *Esbeide Aburto v. Chartwell Staffing Services, Inc. et al* | | |

that Defendants inappropriately direct the Court to determine the primary defendant when the applicable standard is whether significant relief is sought from a local defendant whose conduct is a significant basis of the claims. *Id.* at 7. Plaintiff argues that this conflates the local controversy exception standard with the distinct home state exception. *Id.* at 7–8.

  **IV. Application**

   A. *CAFA Jurisdiction*

  The parties do not dispute that the first two requirements of § 1332(d) have been satisfied. Thus, the only threshold issue is whether the amount-in-controversy requirement has been satisfied. *See* Dkt. 25 at 2–5.

  When a party relies on a chain of reasoning that includes assumptions, those assumptions must be reasonable. *Ibarra*, F.3d at 1199 (assumptions "cannot be pulled from thin air but need some reasonable ground underlying them"). Therefore it would be unreasonable to assume a 100% violation rate based only on a plaintiff's allegation of a "pattern and practice" of labor violations. *Id.* at 1198–99 ("a 'pattern and practice' of doing something does not necessarily mean *always* doing something"). But a defendant may establish the amount in controversy by presenting admissible statistical evidence taken from a representative sample and extrapolated to calculate the potential liability for the full class. *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202–03 (9th Cir. 2015). Some courts faced with a complaint containing indeterminate language have allowed defendants to attach numerical values to the language of the complaint. *See Lopez v. PVH Corp.*, No. 2:15-CV-02266-SVW-AS, 2015 WL 9200230, at *7 (C.D. Cal. Dec. 14, 2015) (collecting cases). Other courts have refused to attribute a numerical value to vague modifiers without additional evidence supporting the assumed rate. *See id.*

  Here, Plaintiff alleges that Defendants "uniformly administered a corporate policy, practice and/or procedure of failing to provide accurate wage statements, failing to provide a written form notice to newly hired non-exempt employees, and to current non-exempt employees when changes occur, about their wages and other employment-related information[.]" Compl. ¶ 22. Though this language could support a high assumed error rate, such a conclusion is not supported by the additional evidence provided by the Defendants.

  Defendants rely on the testimony of one declarant to support their amount-in-controversy

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00749-SVW-KK | Date | June 27, 2016 |
|---|---|---|---|
| Title | *Esbeide Aburto v. Chartwell Staffing Services, Inc. et al* | | |

calculations. In their opposition to the motion to remand, Defendants offer the declaration of John Landin ("Landin"), an Accounting Manager for Chartwell. Dkt. 18-1. ("Landin Decl."). Landin states that Charwell only began operations in California in 2014. Landin Decl. ¶ 4. After Plaintiff filed the complaint, he reviewed some unspecified number of wage statements issued by Chartwell and found that they did not contain a start date for the pay period as required by California law. *Id.* ¶ 8. Landin offered that he "had discussions with Chartwell's past and current payroll providers regarding the information contained in the wage statements issued to its employees" and as a result he believes that all wage statements issued to employees in California in 2014, 2015, and 2016 "need to be cured in order to include information that had not previously been included in the wage statements." *Id.* ¶ 9. Thus, in April 2016, Chartwell reissued 421,688 wage statements to approximately California 55,000 employees "who performed work from 2014 through 2016." *Id.* ¶ 10.

Defendants' assumptions regarding the wages statement violation rate are not reasonable because Defendants' chain of reasoning is not supported by evidence. Instead of assuming that all 421,688 wage statements issued between 2014 and 2016 were in violation of the requirements of § 226, Defendants assumed that each employee was issued two inadequate wage statements. Dkt. 18 at 7. Landin stated that the start date was not included on the wage statements that he reviewed. Landin Decl. ¶ 8. But he also admitted that Defendants have used multiple payroll providers during the class period. *Id.* ¶ 9. Because Landin did not specify the details of his review of wage statements, the Court has no basis to weigh the evidentiary import of his potentially small or biased sample. The fact that Chartwell chose to reissue 421,688 wage statements is only probative of the total number of wage statements issued, not the violation rate in those statements. Accordingly, the declaration provided by Landin is not probative of the violation rate of Defendants' wage statements.

The language of the complaint alone is not sufficient to support Defendants' assumed violation rate. Recently, in *Branch v. PM Realty Grp., L.P.*, the Ninth Circuit held that an allegation that a defendant had policies applied "uniformly" to all putative class members was sufficient, in combination with attached declarations, to support the conclusion that the plaintiffs were denied compliant meal and rest breaks twice per week. No. 16-55200, 2016 WL 1298017, at *2 (9th Cir. Apr. 4, 2016). But in *Branch*, the declarations offered by the parties provided "real evidence and the reality of what is at stake in the litigation." *Ibarra*, 775 F.3d at 1198. "The declarations uniformly assert[ed] that class members were 'rarely' able to take workfree rest breaks and frequently took late or interrupted meal breaks." *Branch*, 2016 WL 1298017 at *1. In contrast, Defendants here offer no evidence that would tend to show the actual violation rate. In fact, Landin's declaration calls into question whether Defendants actually had a uniform

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00749-SVW-KK | Date | June 27, 2016 |
|---|---|---|---|
| Title | Esbeide Aburto v. Chartwell Staffing Services, Inc. et al | | |

practice given that he admits that Chartwell (not to mention Sully Green) used different payroll vendors during the class period. Because Defendants rely on an violation rate that is "not grounded in real evidence," and the evidence that they have offered tends to show that the actual policy or practice was not uniform, the Court cannot accept Defendants assumptions "pulled from thin air." *Ibarra*, 775 F.3d at 1199. Accordingly, the Court finds that Defendants have failed to meet their burden of establishing that the amount-in-controversy requirement is satisfied and that removal was proper.

    B.  *Local Controversy Exception*

Even if the Court found that removal was proper under § 1332(d)(2), the Court would decline to exercise jurisdiction over the case because the local controversy exception applies. The parties do not dispute that over two-thirds of the putative class members are citizens of California, that Sully Green is a California citizen, and that the principal injuries of the class members were incurred in California. *See* Dkt. 18 at 8. Thus, the only dispute as to whether the local controversy exception applies is whether "significant relief" is sought from Sully Green based on conduct that forms a "significant basis" of the claims by the class. *See* § 1332(d)(4)(A)(i)(II)(aa)–(bb).

To determine whether Sully Green's conduct is a "significant basis" for Plaintiff's claims and whether Plaintiff seeks "significant relief" from Sully Green, the Court must determine whether the "basis for the claims" against Sully Green are "important or fairly large in amount or quantity" in comparison to the claims against Chartwell. *Benko*, 789 F.3d at 1118. Here, Sully Green is one of just two Defendants named in the complaint and Plaintiff alleges that Sully Green engaged in the same activities and has the same exposure to liability as Chartwell. Accordingly, the Court finds that

The complaint seeks significant relief from Sully Green. To determine whether "significant relief" is sought from Sully Green, the Court must look to the remedies sought by Plaintiff in the complaint. *Benko*, 789 F.3d at 1119. Here, the complaint seeks to impose liability on Defendants on a joint and several basis. Compl. at 10. Under Plaintiff's joint employer theory, *see id.* ¶¶ 2–3, it appears that Sully Green and Chartwell could each be held liable on a joint and several basis. *See Liu v. Win Woo Trading, LLC*, No. 14-CV-02639-KAW, 2016 WL 3231518, at *6 (N.D. Cal. June 13, 2016). Because the Court does not look to "what may or may not be proved by evidence," *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011), and only to Plaintiff's claim for relief, there is no basis from the complaint to find that the relief sought from Sully Green is "small change." Though the complaint avers that Chartwell is a staffing company and Sully Green operates a factory, there is noting in the complaint

                                                                                                                                                            :      

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00749-SVW-KK | Date | June 27, 2016 |
| Title | *Esbeide Aburto v. Chartwell Staffing Services, Inc. et al* | | |

that reveals the relative size of the companies or the number of their employees. *See* Compl. ¶¶ 2–3. For the purposes of the local controversy exception, the Court cannot engage in a factual determination of the Defendants' relative abilities to pay. *Coleman*, 631 F.3d at 1016. Accordingly, Plaintiff has met its burden of establishing that it seeks "significant relief" from Sully Green based on the allegations in the complaint. *See* § 1332(d)(4)(A)(i)(II)(aa).

Sully Green's conduct also forms a "significant basis" for Plaintiff's claims. Though Defendants assert that only approximately 0.1% of the putative class members were employed by Sully Green, this estimate fails to account for Sully Green's direct employees that fit the class definition. More importantly, this estimate ignores the applicable method of review. *See Coleman*, 631 F.3d at 1016 (explaining that "the plain language of these subsections indicates, through the use of the words 'sought' and 'alleged,' that the district court is to look to the complaint rather than to extrinsic evidence"). Looking only to the operative complaint, there is no distinction drawn between the conduct of Sully Green and the conduct of Chartwell. *See* Compl.; *see also Coleman*, 631 F.3d at 1020 ("The complaint alleges that Estes West employed the putative class members during the relevant period, and that Estes West has violated California law in a number of ways with respect to those employees. The complaint also alleges that Estes Express has violated the same provisions of California law, but the allegations against Estes Express in no way make the allegations against Estes West, the actual employer, insignificant."). Additionally, under the labor code, it is the duty of the employer, as the term is broadly defined under California law, *see Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228, 1232–33 (N.D. Cal. 2015), to provide an accurate itemized written new-hire notice and wage statement, *see* Cal. Lab. Code §§ 226(a), 2810.5. Accordingly, based on the complaint alone, the alleged failure of Sully Green to provide the requisite information under the labor code "forms a significant basis for the claims asserted by the proposed plaintiff class." § 1332(d)(4)(A)(i)(II)(bb).

Accordingly, the Court finds that Plaintiff has met her burden of establishing that the local controversy exception applies.

**V.      Order**

For the aforementioned reasons, the Court GRANTS Plaintiff's motion to remand [12].

Because the Court declines to retain jurisdiction over the case, Defendants' motion to compel arbitration [13] is DENIED as moot.

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00749-SVW-KK | Date | June 27, 2016 |
|---|---|---|---|
| Title | *Esbeide Aburto v. Chartwell Staffing Services, Inc. et al* | | |

IT IS SO ORDERED.

:

Initials of Preparer      PMC